PearsoN, O. J.
The petitioner had put in a substitute, the writ issued Feb. 16th, 1864-, was executed on the 9th of March and the following returns made :‘
CONSCRIPT Oeetoe, Raleigh, N. C., March 8th, 1864.
Hon. P. M. Pearson, Ohief Justice N. G.
“ In answer to'- your summons, demanding the” body of N. Gr. Spivey before you without delay at Richmond. Hill, I hereby certify that the said Spivey is detained by me under Orders of the. Secretary of War as a prisoner for an attempt to avoid military service. .
PETER MALLETT,
Col. Com’d’g,of Conscripts for N. 0.”
The certificate was not sworn to, but the oath was af-terwards made. . '
April 8th, 1864, Mr. Boyden, counsel for the petitioner, after notice to Col. Mallett, moved for Judgment of discharge, on.the ground that the act of Congress sus *157 pending the writ of habeas corpus, by its proper construction, does not embrace the case of one who, like the petitioner, not being liable to conscription, simply applies for ■a writ to test the constitutionality of the act subjecting principals of substitutes, that not being an attenrpt to avoid military service within the meaning of the act; and that as the 3d section contemplates that writs are still to be issued, (see “ lioseman’s case,”) it involves an absurdity do say that the application for the writ is a cause, for detaining the man, not as a conscript, but-as a prisoner.
The fact of a2>plying for the writ cannot' be made the foundation of a certificate, which is to be substituted in place of a return of the body, that Col; Mallett acted under 'general orders of the Secretary of War, which orders are unconstitutional and void ; for which he relied on the case of Mr. .Wilkes, where Chief -Justice Pratt so decided.
The certificate is so general as not to raise these questions.' .Eof the purpose of this motion the return is to be taken as true ; it negatives the allegation that the petitioner is detained as a conscript, and avers that he is detained, as a prisoner for an attempt to avoid military service, I cannot know judicially what the act was which is considered to bo such an attempt. It may be that Spivy secreted himself, or tried to escape within the limits of the 'enemy ; or it may be, 'he is one of those men who, not being liable to conscription in the language of Judge Battle in Long's case, “ seek the benefit of the writ for the'sole purpose of establishing their claim to exemption from, such duty.” 'I am not at liberty to presume that the petitioner, being in she first instance arrested and detained as a conscript, his application for the writ is made the ground for the averment that he is detained as a prisoner for an attempt to avoid military service, which would be a consequence and not the cause of the detention lor which he makes complaint, and prays may he enquired of, and *158 this would seem, as Mr. Boyden says, to involve an absurdity., .
Nor can I know judicially whether the orders of the Secretary of War are general or special; tliat is, whether Col. Mallett is ordered to arrest and detain as prisoners ail persons who attempt to avoid tnilitary service, leaving .it to him to say what constitutes such an attempt, and*.to pass on the law as well as the facts, and to certify his conclusion on oath, or whether he was ordered speciálly to detain N. G-., Spivey, as a prisoner for an act > which thS 'Secretary of War considered as amounting to an attempt to avoid military service within the meaning of the act of Congress. So the certificate gives me nothing to act on.
2. Mr. Boyden then moved for judgment of discharge, in the nature of a motion for judgment, non obstante vero dicto, on the ground that the certificate is insufficient by reason of its generality. He insisted that filing the certificate required by. the act is:a condition-precedent to the suspension of further proceedings, which in this case has not be.en performed. For there might as well be no certificate at all, as one that the man is detained as a prisoner under orders of the Secretary of War, for- one of the causes specified in the act, without-setting out which one ; and this, he urged,- would surely not be a performance of the, condition. He relied on Croke James and In re Douglass, 43, E. C. L., 992, where the parties are discharged by reason of the insufficiency of the return.
..In both of these cases “the body” was returned and was in custodia legis, and I hafe not been able to find any case in which judgment of discharge is rendered, where the Court is not in possession of the thing to be.acted on, which is the body in habeas corpus cases. Without that, no judgment can*be given. This conclusion is supported by all of the common law analogies ; no one could be tried unless he were present. A man convicted of murder cannot be sentenced unless he is before the Court, and the *159 judgment is void if it do not appear by the record that, the culprit was at the. bar of the Court. (Craton case, Iredell.) • Nay, the rule at .common law was so imperative that the Court could not try the prisoner, although he was at the bar, unless he "put in a plea, and to compel him to plead the .peine forte el dure was anciently resorted t.o. It is superceded by a statute authorizing the Court, if a prisoner stands mute, to enter the plea of not guilty for him. So in civil cases there must be an appearance before judgment- could be rendered ; hence the process of distress, infinite, outlawry, &c., to compel an appearance, rule on the Sheriff to bring in the body when a capias ad respondendum had issued, which is also altered by our statute. In habeas corpus cases, alias and pluries writs-; rules, attachments, &c., are resorted to-to compel a return of the body. There is no statute applicable to habeas corpus cases, which stand' in this respect as at common law ; so judgment cannot be rendered unless the body be returned.
Motion for judgment of discharge not allowed.
April 11th, 1864.